**IT IS ORDERED as set forth below:**



**Date: May 16, 2023**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 08-40876-pwb |
| | : | |
| LISA BLEVINS MELTZER, | : | |
|                         Debtor. | : | Chapter 7 |
| | : | |

**ORDER ON APPLICATION FOR UNCLAIMED
FUNDS OF NATIONSTAR MORTGAGE LLC
AND NOTICE OF TIME (1) FOR NATIONSTAR TO
PROVIDE FURTHER INFORMATION; (2) FOR DEBTOR,
MARC MELTZER, and CITIMORTGAGE, INC.,
TO ASSERT ANY INTEREST IN THE FUNDS; and
(3) FOR ANY PARTY IN INTEREST TO ASSERT
THE CHAPTER 7 ESTATE'S INTEREST IN THE FUNDS**

Because Aurora Loan Services, LLC ("Aurora"), did not claim distributions in the amount of $ 15,148.30 that the Chapter 13 Trustee in this case made on account of proof of claim No. 7, the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a). The claim was filed as a secured claim based on a deed to secure debt on the Debtor's residence, 199 Reynolds Bend Drive Southeast, Rome, Georgia 30161 (the "Residence"), apparently owned

jointly with Marc Meltzer as joint tenants with right of survivorship.[1]

Nationstar Mortgage LLC ("Nationstar") has filed an Application for Payment of the Unclaimed Funds in which it requests disbursement of the unclaimed funds to it as the successor to Aurora. [57].

The Court cannot determine from the Application that Nationstar has a present entitlement to the unclaimed funds and is concerned that the Debtor and/or Mr. Meltzer, or Citimortgage, Inc., rather than Nationstar, are entitled to the money. This Order explains the issues and sets a deadline of July 25, 2023, for Nationstar to provide additional information and for the Debtor, Mr. Meltzer, and Citimortgage, Inc., to assert a claim to the money. In addition, because it is possible that the unclaimed funds could be property of the chapter 7 estate, the Court will permit the former Chapter 7 Trustee, any creditor, or any other party in interest in the case, to assert a claim that the case should be reopened for the appointment of a trustee to receive and distribute the funds.

Section 347(a) provides for the disposition of unclaimed funds paid into the Court's registry under chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. *See Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002). Under statutory requirements and due

---

[1] Ms. Meltzer's Schedule A states that the property is jointly owned but does not indicate the name of the other owner. [1] at 6. Schedule H does not list Mr. Meltzer as a codebtor. [1] at 19. The copy of the security deed attached to Aurora's proof of claim reflects that Ms. Meltzer owned the residence with Marc Meltzer as joint tenants with right of survivorship, Claim No. 7-1 at 3, and a motion for relief from the stay of 11 U.S.C. § 362(a) filed by Aurora indicates that Mr. Meltzer is a codebtor. [24] at ¶¶ 3, 5.

2

process principles, the Court has the duty to protect the original claimant's property interest by making sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements before authorizing the disbursement of unclaimed funds to an applicant. *In re Applications for Unclaimed Funds,* 341 B.R. 65 (Bankr. N.D. Ga. 2005).

A creditor applying for unclaimed funds must affirmatively show that it has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006). A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor has brought the obligation current such that no payment is currently due. Thus, an applicant seeking unclaimed funds due to distributions that were made on account of a secured claim must show that the debt has not been satisfied (through payment or foreclosure) and that an amount is currently due and payable to which the unclaimed funds may lawfully be applied.

Debtor filed this case under chapter 13 on March 26, 2008. [1]. Aurora filed proof of claim no. 7 on May 7, 2008, for amounts due on a debt secured by a deed to secure debt on the Residence. The Debtor's plan provided for the claim under 11 U.S.C.§ 1322(b)(5), which contemplates the cure of prepetition defaults through payments under the plan and the continuation of regular installment payments. [2, 17].[2] The confirmation hearing was scheduled for May 21, 2008. [6]. The Court confirmed the amended plan on June 10, 2008. [21].

On June 25, 2008, Aurora filed a motion for relief from the automatic stay based on the failure of the Debtor and Mr. Meltzer to make postpetition installment payments. [24]. The

---

[2] The Debtor filed a plan with the petition. [2] An amended plan was filed on May 20, 2008. [17].

3

motion was resolved with a consent order entered on August 12, 2008, which provided for the cure of postpetition arrearages. [28].

On July 10, 2009, Aurora filed another motion for relief from the automatic stay based on failure to make postpetition installment payments, with a hearing scheduled for August 12, 2009. [34, 36]. No one opposed the motion, and the Court entered an order on August 24, 2009, lifting the automatic stay to permit foreclosure.

After the hearing but before entry of the order, on August 19, 2009, the case was converted to chapter 7 at the Debtor's request. [49]. Six days later, the Debtor stated an intent to retain the residence and reaffirm the debt on the Statement of Intent. [49 at 29].

The Chapter 13 Trustee filed a Final Report and Accounting on September 15, 2009, which showed disbursement of $ 16,746.30 to Aurora. [45]. The Chapter 13 Trustee later deposited $15,148.30 of these payments into the Court's registry as unclaimed funds that Aurora did not claim.[3]

The Chapter 7 Trustee filed a Report of No Distribution on October 15, 2019. The Debtor received a discharge and the case was closed on January 22, 2010 [55].

Nationstar's Application for Unclaimed Funds establishes that Nationstar has succeeded to the rights of Aurora and that Francine Miller, an assistant secretary, has the authority to seek the unclaimed funds on its behalf. A business card attached to the Application further identifies Ms. Miller's position as "Bankruptcy Manager, Default Servicing." [57 at 10]. A copy of an assignment of the security deed, dated November 13, 2013, indicates that Nationstar acquired Aurora's rights around that time. [57] at 6.

As stated earlier, Nationstar must show affirmatively that it has a "present entitlement to

---

[3] The Court observes that the Chapter 13 Trustee must have had the unclaimed funds in her account at the time of the hearing on Aurora's second motion for stay relief.

4

the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006). Nationstar's Application contains no information from which the Court may make such a determination.

This case was closed on January 22, 2010. The date of the assignment of the security deed from Aurora to Nationstar indicates that no foreclosure or satisfaction of the debt through sale or refinancing had occurred as of November 13, 2013. Because no one has received the unclaimed funds, Nationstar or Aurora presumably would not have taken the unclaimed funds into account in determining a payoff amount or calculating how much would be required to bring the note current. In the almost 13 years since the closing of this case, four things could have occurred: (1) Nationstar could have been paid through refinancing or sale of the property; (2) the Debtor and/or Mr. Meltzer might have brought the note current and resumed regular monthly payments; (3) Nationstar could have foreclosed; or (4) the debt is still not current but Nationstar has not foreclosed.

If a sale or refinancing occurred and Nationstar was paid the payoff amount it calculated, it has no debt and is not entitled to the funds.

If the Debtor and/or Mr. Meltzer brought the note current and are continuing to make monthly payments, a debt still exists but Nationstar is presumably not entitled to the unclaimed funds because it has no present entitlement to the funds. No default exists, and it is only entitled to installment payments.

If Nationstar foreclosed, whether Nationstar is entitled to the unclaimed funds depends on the purchase price at the foreclosure sale. If the purchase price was the amount of the payoff as calculated by Nationstar without regard to the unclaimed funds, no debt exists and Nationstar is not entitled to the unclaimed funds.

If the debt is not current but Nationstar has not yet foreclosed, Nationstar is entitled to the unclaimed funds if the unpaid debt exceeds their amount.

Nationstar's present entitlement to the unclaimed funds thus depends on all of the following: (1) an arrearage actually existed at the conclusion of this case ten years ago; (2) Nationstar has not collected the arrearage in some fashion since then; (3) Nationstar's debt has not been satisfied through foreclosure or payment by the Debtor upon refinancing or sale of the collateral; and (4) the amount due on the note exceeds the amount of the unclaimed funds.

Before the Court can determine that Nationstar has a present entitlement to the funds, it must have information about: (1) what happened with regard to the debt and the security deed since the closing of this case; (2) whether Nationstar foreclosed and, if so, the purchase price at the foreclosure sale; (3) if Nationstar did not foreclose, whether any of the other possible situations occurred or, if not, what did happen; (4) what payments, if any, Aurora and Nationstar received on the debt after the filing of this case; and (5) the amount of debt owed to Nationstar. Nationstar is presumably in a position to provide all this information, but the Application contains none of it.

If Nationstar is not entitled to the unclaimed funds, the question is whether the Debtor and/or Mr. Meltzer are entitled to the unclaimed funds.

If satisfaction of the Nationstar debt occurred upon sale or refinancing, or if the Debtor and/or Mr. Meltzer brought the note current, it would seem that the Debtor and/or Mr. Meltzer made postdischarge payments to Nationstar in excess of what they should have paid if the unclaimed funds had been received and applied to the debt. In either situation, it would seem that a refund to the Debtor and/or Mr. Meltzer is appropriate. Disbursement of the unclaimed funds to the Debtor and/or Mr. Meltzer would accomplish this.

6

If foreclosure occurred, a sales price in excess of the amount of the debt calculated without regard to the unclaimed funds would have resulted in a surplus, potentially payable to the holder of the second priority security deed on the Residence, Citimortgage, Inc.[4]  In this circumstance, Citimortgage, Inc., might have a claim to the unclaimed funds if its debt is still outstanding.  Citimortgage, Inc., therefore, is entitled to notice of this Order and an opportunity to assert any claim it has to the unclaimed funds.

It seems to the Court that the unclaimed funds are not property of the Chapter 7 estate under any of these scenarios because the potential entitlement of the Debtor, Mr. Meltzer, or Citimortgage, Inc., arise from events after discharge and closing of the case.  Nevertheless, out of an abundance of caution, the Court will require that the former Chapter 7 Trustee, the United States Trustee, and creditors and all parties in interest in this case receive notice of this Order so that they have the opportunity to assert any claims that the unclaimed funds are property of the Chapter 7 estate.

Another issue complicates the question of who is entitled to the unclaimed funds regardless of what happened after discharge and closing of the case.

In *Harris v. Viegelahn,* 575 U.S. 510 (2015), the Supreme Court ruled that, upon postconfirmation conversion of a chapter 13 case to chapter 7, undistributed funds held by the chapter 13 trustee from the debtor's postpetition earnings must be returned to the debtor, not distributed to creditors.  *Harris* thus indicates that the unclaimed funds should now be disbursed to the debtor.

*Harris* dealt with funds that the chapter 13 trustee accumulated by not making payments

---

[4] Citimortgage, Inc., filed proof of claim as a claim secured by the Residence.  It asserted a total claim of $74,746.87 and an arrearage claim of $29.70.  Proof of Claim No. 7.  The Debtor scheduled it as a second mortgage.  (Schedule D, [1] at 11).

7

to a mortgage creditor after the creditor foreclosed. After conversion to chapter 7, the trustee disbursed the funds to other creditors in accordance with the plan.

Here, in contrast, the Chapter 13 Trustee made the payments to Nationstar at a time when it was entitled to them and had the funds because Nationstar did not claim them. Thus, the Trustee arguably "disbursed" the money to Aurora prior to conversion such that the funds represented by the uncashed checks effectively became property of Aurora prior to conversion. *See In re Wilkerson,* 453 B.R. 337 (Bankr. S.D. Ohio 2011). Under this analysis, the Chapter 13 Trustee held the funds as property of Aurora for remittance to the Court's registry as property of Aurora, whose rights Nationstar acquired by assignment. Thus characterized, the funds were not undisbursed plan payments representing earnings of the debtor, and *Harris* does not apply.

Under the latter view, the issues discussed above concerning Nationstar's entitlement to the unclaimed funds and the rights of other parties to the unclaimed funds if they do not belong to Nationstar still exist.

The Court will provide Nationstar, the Debtor, Mr. Meltzer, and Citimortgage, Inc., an opportunity to address all of these issues. In addition, the Court will require notice to the former Chapter 7 Trustee, creditors, and all parties in interest in this case so that any of them may present any claim that the funds belong to the Chapter 7 estate.

Based on, and in accordance with, the foregoing, it is hereby **ORDERED, and NOTICE IS HEREBY GIVEN,** as follows:

1. The Court cannot grant the Petition and Application without further information.

2. Nationstar may amend its Application on or before July 25, 2023, to provide further information about its present entitlement to the funds, including the information discussed above. Applicant must serve any amendment on the Debtor, Mr. Meltzer, Citimortgage, Inc., and the

8

former Chapter 7 Trustee.

3. Each of the Debtor, Mr. Meltzer, and Citimortgage, Inc., may file a response to this Order on or before July 25, 2023 that contests the entitlement of Nationstar to the unclaimed funds. Any of them may also file an application for disbursement of the unclaimed funds that states why such party is entitled to them. Any response or application must be served on Nationstar.

4. The former Chapter 7 Trustee, or any other creditor or party in interest in this case, may assert any claim that the unclaimed funds are property of the Chapter 7 estate by filing a response to this Order on or before July 25, 2023. Any response must be served on Nationstar.

5. Nationstar must reply to any response or application filed and served by any other party within 30 days after its service. If Nationstar does not timely reply to any such response or application, the Court may deny Nationstar's Petition and Application and grant the relief that either the Debtor, Mr. Meltzer, Citimortgage, Inc., the former Chapter 7 Trustee, or any creditor or other party in interest requests without further notice and without a hearing.

6. In the absence of a timely amendment to the Application or a timely response by any other party, the Petition and Application will be denied, without prejudice.

7. At the expiration of the times set forth above, the Court will determine the issues. To the extent that any issues raised by the papers filed by any of the parties require a hearing, the Court will schedule a hearing and provide notice to the parties who have asserted claims to the unclaimed funds.

The Clerk is directed to mail copies of this Order to the persons listed on the attached Distribution List and to all creditors and parties in interest in this case.

**This Order has not been prepared for publication and is not intended for publication.**

**[End of Order]**

## +DISTRIBUTION LIST

Francine Miller[5]
Nationstar Mortgage LLC
800 State Highway 121 Bypass
Lewisville, TX 75067P.O. Box 619096
Dallas, TX 75261

Christie Hennings[6]
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305
Attorney for Nationstar

Christie Hennings[7]
McCurdy & Candler, LLC
250 East Ponce de Leon Avenue
Decatur, GA 30030
Attorney for Nationstar

Sidney A. Gelernter[8]
McCurdy & Candler, LLC
1110 Market Street
Chattanooga, TN 37402
Attorney for Nationstar

Citimortgage, Inc.
P.O. Box 790130
St. Louis, MO 63179-0130

Jennifer K. McKay[9]
Suite 105
531 Broad Street
Rome, GA 30161

Jeremy Salter[10]
P.O. Box 609
Rome, GA 30162

Lisa Blevins Meltzer[11]
199 Reynolds Bend Dr.
Rome, GA 30161

Lisa Blevins Meltzer[12]
962 Joe Frank Harris Pkwy Suite 102
Cartersville, GA 30120

Lisa Blevins Meltzer[13]
269 Market Place Bl 196
Cartersville, GA 30121-2235

Marc Meltzer[14]
1343 Daphne Ln NW
Acworth, GA 30101

Marc Meltzer[15]
1706 Park Ave
Baltimore, MD 21217

Tracey Montz[16]
Suite 108 #406
2146 Roswell Road
Marietta, GA 30062

Office of the United States Trustee
362 Russell Building
75 Ted Turner Dr., S.W.
Atlanta, GA  30303

---

[5] Name and address of Nationstar officer on Application [57]
[6] Attorney representing Nationstar regarding Second Motion for Relief from Stay [34, 36]
[7] Attorney representing Nationstar regarding Second Motion for Relief from Stay [34,36]
[8] Attorney representing Nationstar regarding First Motion for Relief from Stay [24]
[9] Attorney associated in the past with Debtor's attorney of record, James R. McKay, who is deceased
[10] Attorney associated in the past with Debtor's attorney of record, James R. McKay, who is deceased
[11] Debtor, with address of record in the case
[12] Debtor, with address found through internet search
[13] Debtor, with address found through internet search
[14] Marc Meltzer, with address found through internet search
[15] Marc Meltzer, with address found through internet search
[16] Former Chapter 7 Trustee